95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fred FLETCHER, Defendant-Appellant.
 No. 95-50542.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred Fletcher appeals his 57-month sentence imposed following remand by this court for resentencing. Fletcher contends that the district court erred by failing to make adequate factual findings on remand to support its twelve-level upward adjustment of his base offense level pursuant to U.S.S.G. § 2F1.1. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 "The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. The district court's factual findings in the sentencing phase are reviewed for clear error." United States v. Shaw, No. 95-50193, slip op. 9403, 9406 (9th Cir. Aug. 1, 1996).
 
 
 4
 Because this case involved a jointly undertaken criminal activity, Fletcher was accountable for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B); United States v. Melvin, No. 95-10150, slip op. 9149, 9165 (9th Cir. July 31, 1996).
 
 
 5
 On remand, the district court found that the amount of the loss attributable to Fletcher was $1,924,826.40 resulting in a 12-level upward adjustment to Fletcher's base offense level. The district court found that these losses occurred during Fletcher's participation in the conspiracy and were reasonably foreseeable to Fletcher because the criminal activity took place at Amtel Wholesalers Inc.'s business office in the presence of and with the knowledge of all of the participants. The court further found that Fletcher knew of the scope of the entire enterprise and that his work, which included adjusting his "pitch" to help maximize the efforts of the "reloaders," was done in the furtherance of the jointly undertaken criminal activity. Thus, the district court made adequate findings to support its twelve-level upward adjustment in Fletcher's base offense level. See Melvin, No. 95-10150, slip op. at 9165.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3